MARIE S. BREHM, Administratrix, etc., Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellants.

By the judgment in an action for the foreclosure of a mortgage upon premises in the city of New York owned by G., plaintiff's intestate, the referee appointed to sell was directed to pay all assessments on the mortgaged premises out of the proceeds of sale. At the time of the sale there was an assessment on the premises for a local improvement, which the referee paid. This assessment was, on the application of G., subsequently vacated. In an action brought to recover back the amount paid, *held* that although the assessment was paid without the knowledge of G., yet as it was paid by order of the court, out of moneys belonging to him, and the court had power to direct the payment so long as the assessment was not vacated, and as its validity could not be determined in the foreclosure suit, the payment was equivalent to a collection from G. under process of law, and he was entitled to recover ; also that it was not necessary, as a condition of recovery, to have the foreclosure judgment set aside or annulled; it was not the adjudication which created the apparent lien, or the authority upon which the right of the city, as between it and the property owner, to collect the assessment, depended.

The order vacating the assessment was granted December 4, 1871. Plaintiff presented his claim to the comptroller November 17, 1877, pursuant to the requirements of the city charter (§ 105, chap. 385, Laws of 1873) and this action was commenced December 18, 1877. The statute of limitations was pleaded as a defense, but the complaint was dismissed upon the trial wholly upon other grounds. *Held*, that the statute could not be invoked to sustain the dismissal, as, if error was committed in the ruling, it could not be cured by raising a question on appeal not raised

on the trial; also, *held,* that the claim was not barred by the statute; that, as by the Code of Civil Procedure (§ 406), " when the commencement of an action has been stayed  *  *  *   by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action " and as by the city charter (§ 105) plaintiff was prohibited from bringing suit until after the lapse of thirty days from the presentation of the claim, the running of the statute was suspended during the thirty days.

*Dickinson* v. *Mayor, etc* (92 N. Y. 584) distinguished.

Also, *held,* that the question was not affected by the provision of said Code (§ 410), which declares that when a demand is necessary to entitle a party to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete; that this provision only applies where an immediate right of action follows a demand.

*It seems,* the presentation of the claim, although a necessary preliminary to the bringing of a suit against the city, is not the commencement of an action or proceedings to collect the claim within the meaning of the statute of limitations.

(Submitted December 15, 1886 ; decided January 18, 1887.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department made March 8, 1886, which reversed a judgment in favor of defendant entered upon a decision of the court on trial without a jury. (Reported below, 39 Hun, 533.)

The nature of the action and the material facts are stated in the opinion.

*David J. Dean* for appellant.   The action is barred by the statute of limitations.   (Code of Proc. §§ 382, 410; *Meehan* v. *Mayor, etc.,* 28 Hun, 642; *Dickinson* v. *Mayor, etc.,* 92 N. Y. 584; *Fisher* v. *Mayor, etc.,* 67 id. 76; *Lyle* v. *Murray,* 4 Sandf. S. C. 590-595; *White* v. *Southland,* 2 Alb. L. J. 50, 51; *Palmer* v. *Palmer,* 36 Mich. 487; *Brust* v. *Barrett,* 16 Hun, 409; Code Civ. Proc. § 410; *Stafford* v. *Richardson,* 15 Wend. 302; *Lyle* v. *Murray,* 4 Sandf. 590; *Sweet* v. *Irish,* 36 Barb. 467; *Payne* v. *Gardiner,* 29 N. Y. 146.) The service of the demand upon the comptroller on the 17th of November, 1877, was not a commencement of the action. (Code, §§ 416, 398, 399.)   The propriety of the payment cannot be questioned in this action.   (*Embury* v. *Conner,* 3

N.Y. 511; *Birckhead* v. *Brown*, 5 Sar.df. 134; *Binck* v. *Wood*, 43 Barb. 315; *Homer* v. *Fish*, 1 Pick. 435; *Gordon* v. *Mayor*, *etc.*, 5 Gill [Md.], 231; *Homes* v. *Oregan*, *etc.*, *Co.*, 9 Fed. R. 229; *Mutual L. Ins. Co.* v. *Wager*, 27 Barb. 354; *Mowatt* v. *Wright*, 1 Wend. 354; *Byrnes* v. *Stevens*, 4 Cent. R. 113.) The assessment was not paid by decedent under coercion of law. (*Homer* v. *Fish*, 1 Pick. 436; *Smith* v. *Lowery*, 1 Johns. Ch. 320; *White* v. *Ward*, 9 id. 231; *Gordon* v. *Mayor*, *etc.*, 5 Gill [Md.], 231; Freeman on Judgments [2d ed.], § 249; *Swift* v. *Poughkeepsie*, 37 N. Y. 514.)

*Moody B. Smith* for respondent. The money was paid before the vacation of the assessment, and while that remained in force the plaintiff was bound to pay and had no lawful mode of resisting such payment. (*Bk. of Comm.* v. *Mayor*, *etc.*, 43 N. Y. 184; *Peyser* v. *Mayor*, *etc.*, 70 id. 497.) The court will not review any question of fact raised in this case. (Code of Civ. Proc. § 1338; *Meyer* v. *Beach*, 79 N. Y. 409; *Van Tassel* v. *Wood*, 76 id. 614.) The question of the statute of limitations cannot be raised in this court because it was not taken advantage of at the trial, and there are no findings, or requests to find in regard to it. (*Stewart* v. *Morss*, 79 N. Y. 629; *Osgood* v. *Toole*, 60 id. 475.) The cause of action is not barred by the statute. (Code of Civ. Proc. §§ 410, 414, subd. 3.) Statutes *in pari materia* are to be taken together. (*Earl of Ailesburg* v. *Pattison*, Doug. 30; *Rogers* v. *Bradshaw*, 20 Johns. 735, 744; *Davidson* v. *Johnnette*, 7 Met. 393; *Lewis* v. *Webb*, 3 Grant, 326.)

RAPALLO J. This action was brought to recover money paid to discharge the lien of an assessment, which, after the payment, had been vacated by order of the Supreme Court.

The trial was before the court without a jury. The Court at Circuit dismissed the complaint. The General Term reversed the judgment of dismissal and ordered a new trial, and the present appeal is from the order of reversal.

The only ground stated on the motion to dismiss, was that there was no proof that the plaintiff ever paid the money.

The money was paid under the following circumstances. The land upon which the assessment was an apparent lien, was owned by Horatio N. Gray, the plaintiff's intestate, and was subject to a mortgage held by Edward Roberts. A judgment was entered for the foreclosure of this mortgage and the sale of the mortgaged premises by a referee, which judgment directed that all taxes and assessments upon the mortgaged premises be paid out of the proceeds of sale. Pursuant to this direction, the referee, out of the proceeds of sale, paid the assessment in question on the 6th of June, 1871. Gray was then, as the former owner of the equity of redemption, entitled to the surplus moneys which arose on such sale.

On his application, the assessment was vacated by order of the Supreme Court, dated December 4, 1871. This action was brought December 18, 1877.

It is apparent that the payment was made out of money belonging to the plaintiff's intestate, and we think this was equivalent to a payment by him. The payment does not appear to have been made with his consent. He was living at the time of the trial (the plaintiff's having been substituted after judgment) and testified that he was not aware of the fact, at the time, that the assessment was taken out of the surplus money. Having been paid out of funds belonging to him, and by order of the court, we think the payment was equivalent to a collection under process of law, and that on the subsequent vacating of the assessment he was entitled to recover the money so paid. So long as the assessment was not vacated, the court had power to direct its payment, and its validity could not be determined in the foreclosure action.

The trial court, in its opinion, placed the dismissal on the ground that the foreclosure judgment, under which the money was paid, had not been set aside or annulled. We concur with the opinion of the court at General Term that this ground is not tenable. The judgment of foreclosure was not the adjudication which created the apparent lien, nor the authority upon which the right of the city, as between it and the property or its owner, to collect the assessment,

depended. It established no right as between them, and there was consequently no necessity of setting it aside for the purpose of entitling the plaintiff to recover the money paid. It was simply the means by which the city was enabled to collect the void assessment.

On the appeal to the General Term the judgment of the trial court was sought to be sustained on the ground that the plaintiff's claim was barred by the statute of limitations. We agree to the conclusion of the General Term on this point, but not with the reasoning by which it was reached.

The General Term held that the presentation of the claim by the plaintiff to the comptroller on the 17th of November, 1877, pursuant to the requirement of section 105 of the charter of 1873 (Laws of 1873, chap. 385), the statutory limitation of six years not having expired at the time of such presentation, was the beginning of proceedings to enforce the claim, and, therefore, a *quasi* summons or legal process, and consequently that the service of the demand by the claimant within the period of six years after the claim arises must prevent the application of the statute to his prejudice.

We are unable to adopt this view. The presentation, although a necessary preliminary to enable a claimant against the city to maintain an action on his claim, is not the commencement of an action.

But there are other reasons which preclude the defendant from availing itself of the statute of limitations to sustain the judgment of dismissal.

In the first place, although the statute of limitations was set up in the answer, it does not appear to have been insisted upon, or even referred to, at the trial, but the motion to dismiss was placed and the dismissal was granted, wholly on another ground. If error was committed in this respect, it could not be cured by raising on the appeal another question which was not raised at the trial and to which, if it had been raised, there might possibly have been some answer.

But assuming the question to be before us, it is by no means clear that the plaintiff's claim was barred by the statute,

Opinion of the Court, per RAPALLO, J.

Conceding that the statute began to run on the 4th of December, 1871, when the order, or judgment, vacating the assessment was dated, the period of limitation would have expired on the 4th of December, 1877, but for the provision of section 406 of the Code of Civil Procedure, which is, that " when the commencement of an action has been stayed by injunction or other order of a court, or judge, *or by statutory prohibition,* the time of the continuance of the stay is not a part of the time limited for the commencement of the action."

On the 17th of November, 1877, at which time the right of action was not barred, the plaintiff presented her claim to the comptroller. She would at that time have been entitled to commence her action, but for section 105 of the charter of 1873, which required her to wait until the comptroller had neglected for thirty days after such presentation, to pay her claim. That section in express terms prohibited her from maintaining any action until the lapse of the thirty days. We think that section 406 of the Code of Civil Procedure was framed to meet just such a case, and to suspend the running of the statute during the term of the statutory prohibition. This view is quite consistent with the case of *Dickinson* v. *Mayor, etc.* (92 N. Y. 584). In that case it would not have helped the plaintiff, the term of the statutory suspension being only thirty days, and the plaintiff having exceeded the statutory limitation more than one year, and the claim not having been presented to the comptroller until more than three months after the statutory limitation had expired. But here the action was brought on the 18th of December, 1877. The statutory limitation is claimed by the defendant to have expired the 4th of December, 1877. The excess was only fourteen days, and the operation of section 406 being to suspend the running of the statute during the thirty days following the 17th of November, 1877, when the claim was presented, the action was commenced in due time.

This construction also relieves the statutes from the apparent inconsistency pointed out in the opinion at General Term, of allowing a plaintiff six years within which to commence an

action, and at the same time prohibiting him during thirty days of that term from maintaining any action.

Section 410 of the Code of Civil Procedure does not affect this question. It provides only for cases where a simple demand is a necessary preliminary to the bringing of an action, and the action may immediately follow a non-compliance with the demand. Its language is: " Section 410. Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced, must be computed from the time when the right to make the demand is complete, except in one of the following cases."

The exceptions have no reference to the question now under consideration. This section (410) applies to many cases where a demand is necessary, and an immediate right of action follows, but it could hardly apply to the case of a promissory note payable thirty days after demand. In the present case not only a demand was necessary, but a presentation of the claim and a neglect for thirty days to pay. The maintenance of an action before the expiration of the thirty days was prohibited, and the question is, whether under section 406, the statute ran during the thirty days.

The order of the General Term should be affirmed and judgment absolute rendered against the defendant on its stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.