EDWIN A. HAYES, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

**Nuisance — negligence — action for injury to plaintiff caused by stepping in a hole or rut near street railroad tracks — when within three-year Statute of Limitations.**

Where a railroad company or a municipality is the creator of a dangerous situation it is liable to a person injured as for a nuisance, but where such condition arises from other causes the failure to remove the obstacle involves a question of negligence.

Plaintiff, who was injured by stepping in a hole or rut near the rails of defendant's tracks, alleged that his injury was due "solely to the wrongful and unlawful conduct of the defendant, its agents and servants, in suffering said hole or rut to be and remain in the street near its tracks,"

*Held,* that the complaint alleges a cause of action based on negligence, and is therefore subject to the provisions of section 383 of the Code of Civil Procedure imposing the three years' limitation upon actions of that character.

*Hayes* v. *Brooklyn Heights R. R. Co.*, 134 App. Div. 912, reversed.

(Argued November 16, 1910; decided December 13, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 13, 1909, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to a separate defense set forth in the answer.

The following questions were certified : " 1. Does the complaint herein state a cause of action for the maintenance of a nuisance ?   2. Does the complaint herein state a cause of action for negligence.   3. Should the demurrer to that part of the defendant's answer setting up the three years' Statute of Limitations be sustained ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. A. Marsh* and *George D. Yeomans* for appellant.   This action is " to recover damages for personal injury resulting from negligence," and the demurrer to defendant's plea of the three years' Statute of Limitations should be overruled. The complaint does not state a cause of action for the maintenance of a nuisance. (*Lange* v. *Benedict,* 73 N. Y. 12; *Newton* v. *Jay,* 107 App. Div. 457; *Hurst* v. *McClellan,* 102 App. Div. 336; *Knowles* v. *City of New York,* 176 N. Y. 430; *Burdick* v. *Chesebrough,* 94 App. Div. 532; *Rector of St. James Church* v. *Huntington,* 82 Hun, 125; *Hollis* v. *B. H. R. R. Co.,* 128 App. Div. 821; *Matthews* v. *De Groff,* 13 App. Div. 356; *Dickinson* v. *Mayor, etc.,* 92 N. Y. 584; *McConnell* v. *Bostelmann,* 72 Hun, 235; *Whalen* v. *Glocester,* 4 Hun, 27.)

*Charles C. Clark* for respondent.   A statutory duty rested upon the defendant to keep this portion of the street in repair, and for the failure to perform such duty the defendant is

liable for personal injury sustained in consequence thereof, irrespective of the question of negligence. (*Schuster* v. *F. S. S.*, etc., *Ry. Co.*, 192 N. Y. 430; *Doyle* v. *N. Y. & B. H. R. R. Co.*, 58 App. Div. 588; *City of Brooklyn* v. *Brooklyn City Ry. Co.*, 47 N. Y. 475; Nellis on Street Railway Accident Law, 223; *Robinson* v. *Chamberlin*, 34 N. Y. 389; *Dygert* v. *Schenck*, 23 Wend. 447; 16 Am. & Eng. Ency. of Law [1st ed.], 937; *Town of Clay* v. *Hurt*, 25 Misc. Rep. 110; *Clifford* v. *Dam*, 81 N. Y. 52; *Lamming* v. *Galusha*, 135 N. Y. 242; *Congreve* v. *Smith*, 18 N. Y. 79.)

HAIGHT, J.   This action was brought by the plaintiff to recover damages for a personal injury alleged to have occurred on the 12th day of March, 1902, on Second avenue, in the borough of Brooklyn, by reason of his stepping into a hole or rut while crossing the avenue.   The complaint alleges that the defendant was operating a street surface railroad upon the avenue in question and that it was its duty to keep in repair that portion thereof between the rails of its tracks and two feet in width outside of its tracks and that for a long time prior thereto the defendant suffered that portion of Second avenue to become and continue out of repair and a rut or hole to be formed therein and to become rough and uneven; and further that the suffering and loss of earning power and income of the plaintiff by reason of his injury " were due solely to the wrongful and unlawful conduct of the defendant, its agents and servants, in suffering said hole or rut to be and remain in the street near its tracks."   The separate defense interposed by the defendant to which the plaintiff demurred is " that the cause of action upon which a recovery is herein sought did not accrue within three years next before the commencement thereof."   The Special Term sustained the demurrer and from the interlocutory judgment entered thereon an appeal was taken to the Appellate Division, which affirmed the same by a divided court.   This action was commenced on the 11th day of March, 1908.

The question presented is as to whether the action is based

C

upon a nuisance or negligence. It will be observed that the complaint fails to allege that there existed a nuisance or that the defendant was negligent. Under the Statute of Limitations it is provided that an action to recover damages for a personal injury " except in a case where a different period is expressly prescribed in this chapter," shall be brought within six years, and it is further provided that an action to recover damages for a personal injury resulting from negligence shall be brought within three years. (Code Civ. Pro. §§ 382, 383.) If, therefore, the action alleged in the complaint resulted from negligence the separate defense set forth in the answer was good and the demurrer should not have been sustained. If, however, it did not result from negligence then the demurrer was properly sustained.

A public nuisance, in so far as it applies to the case under consideration, consists in unlawfully doing an act or omitting to perform a duty which act or omission endangers the safety of any considerable number of persons or unlawfully interferes with, or tends to render dangerous a public park, square, street or highway. Under the Railroad Law the duty is imposed upon street surface railroads of keeping the space between their tracks and two feet on either side thereof in good and safe condition. (§ 98.) The duty, therefore, of municipalities of keeping their streets and highways in good and safe condition is, to the extent specified by the statute, also devolved upon the railroad corporations, whose duty with reference thereto becomes the same as that which rests upon the municipality.

It will be observed that, under section 382, above referred to, the six years' Statute of Limitations has no application in a case where a different period is expressly prescribed, and under section 383 a different period is prescribed where the injury results from negligence. The question, therefore, arises as to whether the alleged injury in this case was the result of negligence on the part of the defendant. If a municipality or a railroad company should dig a pit, or place a dangerous obstruction in or upon a public street, which it was obligated

to keep in repair, it would be the creation of a public nuisance and unquestionably the party creating the nuisance would be liable to a person suffering injuries by reason thereof. So also an individual maintaining a coal hole in the sidewalk in front of his premises with an insufficient cover, or who constructs a water pipe which receives the water collected from the roof of his building and discharges it on the surface of the sidewalk, from which ice forms as the water flows across it to the gutter, becomes liable therefor as the creator of the nuisance irrespective of any question of negligence. (*Clifford* v. *Dam*, 81 N. Y. 52; *Tremblay* v. *Harmony Mills*, 171 N. Y. 598.) But where the obstruction to a public street has resulted from other causes or from the acts of others than that of the municipality a different rule obtains with reference to its liability. In such cases the municipality is not the creator of the nuisance but it becomes its duty to abate and remove the same, to the end that the public may pass safely over the public street. It is not called upon to abate and remove until it has notice of the existence of the obstruction, or such time has elapsed after the existence of the obstruction as will raise a presumption that the municipality or its officers had notice, or in the exercise of due diligence should have had such notice. In such cases the failure to abate or remove the obstacle involves a question of negligence. For, if it proceeds with reasonable diligence to remove the same no recovery can be had against the municipality. But if it unreasonably suffers the nuisance to exist it does so by reason of its negligence and such becomes the basis of its liability. Accordingly, in the case of *Dickinson* v. *Mayor, etc. of N. Y.* (92 N. Y. 584), where ice or snow had been suffered to remain upon a crosswalk of a street and that by reason thereof the plaintiff sustained injuries for which he sought damages it was held that the action was one for negligence and not for a positive wrong committed by the defendant and, therefore, the three years' Statute of Limitations ran against it. We do not understand the case of *Robinson* v. *Chamberlain* (34 N. Y. 389) to be in conflict with our views

as above expressed.    True, it was held that a failure to keep a public highway in repair by those who have assumed that duty from the state, so that it is unsafe to travel over, is a public nuisance, making the party bound to repair liable in an action by a person who has sustained special damages by reason thereof, but that action was for negligence. It was prosecuted by the plaintiff against Chamberlain, a contractor who had undertaken to keep the state canal in repair. An injury was sustained by the plaintiff's canal boat in consequence of the defendant's neglect to perform his duties and he was held liable for the injury by reason of his *careless and negligent* omission to perform his duties.    Our attention has been called to numerous other decisions bearing upon the question but we do not deem it necessary to specifically refer to them.    We do not understand them to be in conflict with the distinction which we have made with reference to the two classes of cases discussed.    We have referred to the liability of municipal corporations for the reason that such cases are more numerous and have been more generally under consideration in this court.    In view of the fact, however, that the liability of a railroad company is the same as that of the municipality they become our guide in determining the questions involved in this case.

We entertain the view that the complaint alleges a cause of action based upon negligence, and consequently the demurrer to the separate defense set forth in the answer should be overruled.    It follows that the interlocutory judgment of the Appellate Division and Special Term should be reversed and judgment ordered for defendant on demurrer, with costs in all courts, with leave to plaintiff to withdraw demurrer within twenty days on payment of such costs, and the second question certified answered in the affirmative, and the third question certified answered in the negative; the first question not answered.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.