(84 Misc. Rep. 439)

### McCARTHY v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. LIMITATION OF ACTIONS (§ 66*)—CONSTRUCTION OF STATUTE—ACTION AGAINST CITY.

Greater New York Charter (Laws 1901, c. 466) § 261, providing that no action shall be maintained against the city unless it appears that at least 30 days have elapsed since the claims upon which the action is founded were presented to the comptroller for adjustment, and that he has neglected to make payment thereof, for 30 days after such presentment, merely gives the city a plea in abatement until a notice of claim has been filed with the comptroller, and for 30 days thereafter, so that the 6-year limitations would run for 6 years and 30 days instead of 6 years, as to a claim against the city.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353–375; Dec. Dig. § 66.*]

2. STATUTES (§ 183*)—CONSTRUCTION.

The spirit of a statute controls over its letter, and an equitable and uniform, rather than a technical and narrow, construction should be adopted.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 261; Dec. Dig. § 183.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John J. McCarthy against the City of New York. From an interlocutory judgment sustaining a demurrer to a defense, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Archibald R. Watson, of New York City (Terence Farley, of New York City, of counsel), for appellant.

Walter L. Bunnell, of New York City, for respondent.

GUY, J. The defendant appeals from an interlocutory judgment sustaining plaintiff's demurrer to a defense set up by the defendant in its answer.

The action is brought to recover the value of certain work, labor, and services performed by plaintiff's assignor during the months of June, July, and August, 1903. Notice of claim was first served on the comptroller on October 18, 1907. The defense to which the demurrer was directed is as follows:

"That the alleged cause of action stated in the complaint did not accrue within six years and thirty days before the commencement of this action."

But a single question is involved in this appeal, namely, whether section 261 of the Greater New York Charter extends the operation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

of the six-year statute of limitations for a period running for six years after the thirty days following notice of demand upon the comptroller, or whether it merely suspends the operation of the statute for the period of thirty days, so that, as to claims against the city of New York, the six-year statute of limitations shall be construed to run for six years and thirty days, instead of six years. Section 261 provides as follows:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

[1, 2] The respondent contends that no right of action under the provisions of section 261 of the charter could accrue until thirty days after the filing of the claim. While specious, we do not think this contention is sound. In construing statutes the spirit controls the letter of the act; an equitable and uniform construction should be adopted, rather than a technical and narrow one. Riggs v. Palmer, 115 N. Y. 506, 509–514, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819. If respondent's construction of the statute is to be accepted, the effect would be that any one having a claim against the city of New York, to which the city might at the time be in a position to offer a good defense, could, by delaying the presentation of his claim for nearly six years, have the benefit of a statute of limitations running nearly twelve years, thus requiring the city to contest the claim at a time long after the occurrence, when material witnesses may have disappeared or their memories become impaired. The purpose of the statute was surely not the furnishing of a means for the perpetuation of dishonest claims, but rather the bringing about of prompt action upon just claims, thus avoiding unnecessary litigation. We think the spirit of the charter was simply to give the city a plea in abatement of the prosecution of all actions predicated upon claims against the city until a notice of claim therefor has been filed with the comptroller and for thirty days thereafter.

The plaintiff-respondent lays great stress upon the ruling in Cary v. Koerner, 200 N. Y. 253, 259, 93 N. E. 979, 982, that:

"The time when 'the cause of action has accrued,' as that term is used in those provisions of the Code of Civil Procedure limiting the periods within which actions must be commenced, means the time when the plaintiff first became enabled to maintain the particular action in question."

The issue involved in that case was whether the right to bring an action under a special statute accrued at the time of the passage of the act and before the time provided in the statute for the bringing of an action. The right to begin an action, however, except where specifically provided by statute, accrues upon the happening of the events which are the basis of the right of action. Thus it has been held in actions for personal damages or damages to property that the right of action accrues upon the happening of the event which caused the injury. And where a tax or assessment has been judicially declared invalid, the

cause of action to recover the invalid tax or assessment accrues upon the adjudication declaring it invalid; but the right to bring or prosecute the action is stayed by statute until a claim has been duly filed with the comptroller.

In Brehm v. Mayor, etc., of New York, 104 N. Y. 186, 10 N. E. 158, the Court of Appeals, Justice Rapallo writing the opinion, says:

"Conceding that the statute began to run on the 4th of December, 1871, when the order, or judgment, vacating the assessment was dated, the period of limitation would have expired on the 4th day of December, 1877, but for the provision of section 406 of the Code of Civil Procedure, which is that 'when the commencement of an action has been stayed by injunction or other order of a court, or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action.' On the 17th of November, 1877, at which time the right of action was not barred, the plaintiff presented her claim to the comptroller. She would at that time have been entitled to commence her action, but for section 105 of the Charter of 1873 [Laws 1873, c. 385], which required her to wait until the comptroller had neglected for thirty days after such presentation, to pay her claim. That section in express terms prohibited her from maintaining any action until the lapse of the thirty days. We think that section 406·of the Code of Civil Procedure was framed to meet just such a case, and to suspend the running of the statute during the term of the statutory prohibition."

In Dickinson v. Mayor, 92 N. Y. 585, 589–591, it was held that the three-year statute of limitations in favor of the city in negligence cases was not extended by reason of the plaintiff delaying four years and three months after the accident before filing a notice of claim.

Again, in Bernreither v. City of New York, 123 App. Div. 291, 107 N. Y. Supp. 1006, affirmed in 196 N. Y. 506, 89 N. E. 1096, the learned Appellate Division held that:

"Where no notice of intention to sue for personal injuries was presented to the corporation counsel of New York City within six months from the time the injuries were received, no action could be maintained, though such notice was presented within six months after presentment of a claim to the comptroller pursuant to the charter."

In affirming the judgment of the Appellate Division, the Court of Appeals held that the notice of intention to sue required by the act of 1886 (Laws 1886, c. 572) and the demand required by the provisions of the city charter are concurrent in their obligations, "both being conditions precedent to the right to maintain the action"—not precedent to the accruing of the right of action.

Again, in Sheehy v. Mayor, 160 N. Y. 139, 143, 54 N. E. 749, it was held that the service of a proper notice of claim against the city did not constitute a part of the plaintiff's cause of action; that the absence or presence of such a notice relates to and affects the procedure or remedy only, and not the right of action.

In Taylor et al. v. Mayor, 82 N. Y. 10, Folger, Ch. J., writing the opinion, in construing the effect of a provision requiring presentation of claims to the comptroller, the court said:

"Failure to present a claim or suit affects the remedy only. * * * The presentation does not in any way determine the existence of or create the debt. * * * There is a cause of action, and there is a remedy by action. They are different rights. * * * A rule of law, or a statute, may·affect the remedy without affecting the cause of action. * * * The rule that one under disability may not bring an action affects his remedy, but does not touch

the cause of action. * * * So it must be when it is a statute that suspends the remedy by action, but does not touch the cause of action. * * * Suppose that an infant held the promissory note of a tailor, and that it was past due and payable. He would have a cause of action thereon. He could not maintain an action upon it. His remedy by action would be suspended until he had procured the appointment of a prochein ami. Though he had a good cause of action, should he come into court with it without such next friend, he would be worsted. By a rule especial to a case like his, there is a prerequisite to his maintaining an action, a prerequisite not found in the terms or conditions of the note out of which his cause of action grew, not attaching to the debt as a debt, but to it as held by him."

Plaintiff's cause of action having accrued more than six years and thirty days before the commencement of his action, his claim is barred by the statute of limitations, and the interlocutory judgment, for that reason, must be reversed, the demurrer overruled, and the complaint dismissed, with costs in this court and in the court below. All concur.