EMMA C. WOENTZ, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

(Supreme Court, Queens Special Term for Motions, December, 1917.)

Amendment — action for personal injuries against city of New York — repetition of allegations alleging nuisance — Greater New York Charter, § 261; Laws of 1886, chap. 572, § 1.

Where, in an action against the city of New York to recover for personal injuries, plaintiff moves to amend the complaint by adding an alleged second cause of action setting forth the

same statement of facts as alleged in the first cause of action for negligence, but alleging nuisance, and there is no allegation that defendant created or authorized the conditions stated as the cause of the injuries sustained, or that defendant committed any positive wrong, the motion to amend will be denied upon the ground that if granted it will serve no useful purpose and would ultimately prove futile.

It must be assumed that defendant's corporation counsel will interpose as a defense to the proposed second cause of action every statutory bar in its favor, and any proper plea which asserts a statutory prohibition is sufficient for defendant to obtain the benefits provided by either section 261 of the Greater New York Charter or section 1 of chapter 572 of the Laws of 1886, or both.

MOTION to amend complaint.

William H. Siebrecht, for plaintiff.

Lamar Hardy, corporation counsel (Edward S. Malone, of counsel), for City of New York.

VAN SICLEN, J.   Motion by plaintiff for leave to amend complaint by adding thereto an alleged second cause of action setting forth the same statement of facts as alleged in the first cause of action for negligence, but alleging nuisance. Defendant's corporation counsel opposes the motion and contends that said alleged second cause of action is merely a repetition of the first cause of action based on negligence, to which it has interposed a separate defense that the same is barred by the expiration of the time required for the filing of claim and notice of intention to commence an action under the provisions of section 261 of the Greater New York Charter; that said second cause of action in the proposed amended complaint does not set forth facts sufficient to constitute a cause of action, and that this motion is made solely for the

purpose of saving the plaintiff from a dismissal of her complaint. The plaintiff argues that her claim is not barred by limitation in that said section 261 of the defendant's charter provides only for the limitation of actions for injuries to real or personal property and not for personal injuries, and that chapter 572, section 1, of the Laws of 1886 does not apply to nuisance, and that section 382 of the Code of Civil Procedure alone is applicable. The allowance of amendment of pleadings is within the sound discretion of the court, and the court will uniformly grant motions to amend upon terms, provided such amendment will serve any just and useful purpose. Upon this motion it must be assumed that defendant's corporation counsel will interpose as a defense to the proposed second cause of action every statutory bar in its favor; indeed, it is the duty of such corporation counsel, which he cannot omit, and the pleading of which the court may compel. *Butler* v. *Johnson,* 111 N. Y. 204; *Winter v. City of Niagara Falls,* 190 N. Y. 198. It seems, therefore, that the defendant is not compelled to plead specifically any statute in order to obtain the benefit thereof, and therefore any proper plea which asserts the statutory prohibition is sufficient for the defendant to obtain the benefits provided either by section 261 of its charter, or chapter 572, section 1, of the Laws of 1886, or both. *Brehm* v. *City of New York,* 104 N. Y. 186; *Harrigan* v. *City of Brooklyn,* 119 id. 156. There can be no question as to the power of the legislature to make exception in favor of the defendant to sections 382 and 383 of the Code of Civil Procedure. This court has heretofore held, and does now hold, that section 261 of defendant's charter refers to and includes actions for personal injuries. A careful reading of plaintiff's proposed second cause of action fails to convince this court that the same sets forth a cause of

action for nuisance, but, on the other hand, it is clear that at the most negligence of defendant is alleged. Said second cause of action contains no allegation that the defendant created or authorized the conditions which are set forth to be the cause of the injuries sustained, or that defendant committed any positive wrong. Under the authorities, therefore, the allegations set forth constitute negligence and not nuisance. *Hayes* v. *Brooklyn Heights R. R. Co.,* 200 N. Y. 183; *Dickinson* v. *City of New York,* 92 id. 584; *Francis* v. *Gaffey,* 211 id. 47; *Swords* v. *Edgar,* 59 id. 28. From the foregoing, therefore, it appears clear that the motion if granted could serve no useful purpose and would ultimately prove futile, and it becomes the court's duty to deny the same.

Motion denied, with ten dollars costs.