Morschauser, J.
The claimant is an incorporated village and filed a claim against the state to recover *305 moneys paid by it for damages to abutting owners on Main street in its village caused by the change of grade in front of- the premises of one Emile Hervieux for $1,590; in front of the premises of the Fort Edward Brewing Co., Inc., and Napoleon Murray for $1,592.12; in front of the premises of the Fort Edward Brewing Company for $309; and in front of the premises of one Charles H. Blair for $1,331.96; and for expenses incurred $226.20.
The state in building the Barge canal and its feeders raised the bridge over the G-lens Falls feeder in the village of Hudson Falls two feet and eight inches so as to increase the clearance underneath the bridge. This bridge connects the highway known as Main street in the village and in raising it the approaches thereto and the highway leading to it had to be raised and the grade changed, which was done by the village. Under the Village Law, section 159, chapter 64, Laws of 1909, the claimant was liable for all damages to abutting owners caused by the change of grade and the damages paid by the village to such owners under the Village Law is the amount now claimed by the village from the state and for which it filed a claim against the state. The claimant on the trial established the amount of damages sustained by such abutting owners and also the fact that it paid the same. Under chapter 612 of the LaAvs of 1918 jurisdiction is conferred on the Court of Claims to audit and determine such claims and under the same law the state declares that such damages, when ascertained, shall be just and legal claims against the state.
The law creating such liability (chap. 612 of the Laws of 1918) reads as follows:
“ Section 1. Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine claims for damages heretofore or hereafter sustained by *306 reason of change of grade of any highway or street caused by building new bridges and approaches thereto to the enlarged or improved canals pursuant to chapter one hundred and forty-seven of the laws of nineteen hundred and three, in connection with the improvement of the Brie, Champlain and Oswego canals and pursuant to chapter seven hundred and forty-six of the laws of nineteen hundred and eleven, in connection with furnishing proper terminals and facilities for barge canal traffic and all acts amendatory thereof, and supplemental thereto. The damages so sustained shall be deemed just and legal claims against the state and the said court of claims shall have jurisdiction to hear, audit and determine all such claims whether any land was appropriated or not; and the court of claims may make an award for damages suffered and render judgment therefor in favor of any claimant for the amount justly and equitably found to have been suffered by any claimant. Except as provided in section two of this act such a claim shall be filed with the court of claims within one year after such damages shall have accrued.
“ Section 2. A claim for damages heretofore suffered by change of grade caused as mentioned in section one of this act may, notwithstanding the lapse of time since the accruing of damages, be filed with the court of claims within one year from the passage of this act.
“ Section 3. This act shall take effect immediately.”
The bridge over the Glens Falls feeder at Main street in said village was raised by the state and the grade of the approaches thereto was increased in height. The state placed new concrete abutments at each end of the bridge, widened it and placed a foot bridge with a guard rail at the side. It also replanked it its entire length, thus making substantially a new *307 bridge and approaches across the feeder at this point, using in the construction the old bridge and the old. abutment.
The state now contends that chapter 612 of the Laws of 1918 only intended to create a liability against itself for a change of grade when such change was caused by building new bridges and approaches thereto and that when existing bridges or approaches are raised or the grade changed no liability is created by this statute. While it is the rule that the state is not liable unless such liability has been assumed by constitutional or legislative enactment (Locke v. State of New York, 140 N. Y. 480; Sipple v. State of New York, 99 id. 284; Smith v. State of New York, 227 id. 405), and that whenever it does so assume liability such statute is in derogation of the sovereignty of the state and must be strictly construed and a waiver of liability must be clearly expressed (Litchfield v. Bond, 186 N. Y. 66-83; Smith v. State of New York, 227 id. 405), yet there is a vast difference between a strict construction and a narrow one of such statute. When chapter 612 of the Laws of 1918, creating liability, and the laws establishing the Barge canal, chapter 147 of the Laws of 1903 and chapter 746 of the Laws of 1911, were enacted there existed many bridges and approaches across the canals and feeders of the canals in this state and most of them were used to connect existing highways over such canals. The purpose of the statutes in relation to the Barge canal was to increase the canal and widen and enlarge it so as to permit larger boats to use the canal, and in so doing substantially all the bridges and approaches used at that time over the canals had to be raised and the grade of the approaches changed. Very few new locations for bridges would be necessary nor would there be many changes in the location of the high *308 ways and streets so as to reqnire new bridges and approaches.
The statute conferring jurisdiction upon the Court of Claims to hear the claims for a change of grade, chapter 612 of the Laws of 1918, was evidently intended to pay all persons who suffered damages by reason of the change of grade in the construction of the Barge canal. In construing a statute the spirit and intent should govern rather than the strict letter of the same and especially so where natural justice and equity lead to the conclusion that the legislature intended by the law to pay all persons who suffered damages by reason of such change of grade in the building of the Barge canal. In construing the statute the spirit controls the letter of the act; and an equitable and uniform construction should be adopted rather than a technical and narrow one. Riggs v. Palmer, 115 N. Y. 506; McCarthy v. City of New York, 84 Misc. Rep. 439; Munro v. State of New York, 223 N. Y. 208; Lehigh Valley R. Co. v. Canal Board, 204 id. 471; O’Hara v. State of New York, 112 id. 146; Oswego & S. R. R. Co. v. State of New York, 226 id. 351.
Chapter 612 of the Laws of 1918 confers jurisdiction to audit and determine claims for damages heretofore or hereafter sustained by reason of change of grade of any highway or street caused by building new bridges and approaches thereto of the enlarged improved canals, pursuant to chapter 147 of the Laws of 1903 in connection with the improvement of the Erie, Champlain and Oswego canals, and pursuant to chapter 746 of the Laws of 1911. The legislature undoubtedly intended when it made provision for building new bridges and approaches to the enlarged or improved canals to submit to the payment of damages by it for any change of grade whenever it was *309 necessary in the construction of the Barge canal and the legislature must have contemplated the payment of such damages where the change of grade caused damage by reason of the then existing bridges, or a change of the then existing approaches, as the legislature must have necessarily understood them to take place in the construction and building of the Barge canal, as it was intended that the Barge canal should be much larger and more extensive than the existing canals and undoubtedly intended wherever an injury occurred through the change of grade in the change of the then existing bridges or approaches that the damages should be allowed.
The state asserts in its defense that as the claimant is a municipal corporation of the state the claim presented is a public one and not a private one and, therefore, the Court of Claims has no jurisdiction to hear the same (Code Civ. Pro. § 264; County of Cayuga v. State of New York, 153 N. Y. 279), and also asserts that a village, the claimant, being a municipal corporation and like a town or county being an integral part of the state itself, cannot maintain an action against the state. County of Albany v. Hooker, 204 N. Y. 1.
While it is true that the state in consequence of its sovereignty is immune from prosecution in its own courts yet the state may waive such immunity, assume liability and confer upon tribunals jurisdiction to hear, try and determine such claims. Sipple v. State of New York, 99 N. Y. 284; Woodmam v. State of New York, 127 id. 397.
We think that by chapter 612 of the Laws of 1918 the state has conferred jurisdiction upon this court to hear, audit and determine such claims even though they may be public claims and has assumed liability for any change of grade caused by the enlargement *310 or improvement of what is commonly known as the Barge canal. Therefore, the claimant is awarded the amount of its claim, namely, $5,049.48, with interest on the sum of $1,330.96 from July 6, 1914, and with interest on the sum of $3,491.12 thereof from July 19,1915, and with interest on $26.40 thereof from August 3, 1914.
Smith, J., concurs.
Claim allowed.