INES BLACK DRAKE, Appellant, *v.* CORNING BUILDING Co., INC., Respondent.

Fourth Department, June 27, 1934.

*Guernsey B. Hubbard,* for the appellant.

*W. Earle Costello,* for the respondent.

CROSBY, J. One year and a day before the accident defendant purchased, and has since owned, the business block upon which was erected a building in front of which, and chained to which, was the weighing machine shown in the photo exhibits. Defendant did not place the machine there and made no use of it, but permitted it to remain on the walk in front of its premises notwithstanding a provision of the charter of the city of Corning (Laws of 1905, chap. 142, tit. 10, § 124) which provides that it shall be "the duty of any owner or occupant [of real property] to remove or clean away the dirt, snow, ice or other obstruction from such sidewalks adjoining his property."

The complaint alleges that the machine, located as it was, constituted a nuisance, and it also alleges that defendant was negligent in permitting such nuisance to remain in front of its premises. The pleader apparently had in mind that, although the machine constituted a nuisance, the defendant, not having placed it there, could only be charged with negligence in not abating the nuisance. (*Hayes* v. *Brooklyn Heights R. R. Co.,* 200 N. Y. 183: *Lyman* v. *Village of Potsdam,* 228 id. 405.)

The trial court submitted to the jury three questions: (1) Did the machine, situated as it was, constitute a nuisance? (2) If so, did the defendant suffer that nuisance to continue? (3) Was the plaintiff free from contributory negligence? The jury found a general verdict for the defendant.

Considering the statute to which attention has been called, we think the weighing machine, situated as it was, constituted a nuisance as a matter of law. The jury may have found that the plaintiff was guilty of contributory negligence. Such finding could be made on the evidence, and contributory negligence would be a good defense in this case, since the continuance of the nuisance in front of its premises by defendant would charge it with negligence, not nuisance. (*Hayes* v. *Brooklyn Heights R. R. Co., supra.*) But holding, as we do, that the machine was a nuisance, as a matter of

law, we think it was error to permit the jury to pass upon that matter as one of fact. (*People ex rel. Hofeller* v. *Buck*, 193 App. Div. 262; affd., 230 N. Y. 608.) The jury may have found plaintiff free from contributory negligence, and based their no cause verdict upon a finding that the machine did not constitute a nuisance.

We think, too, that there is, in the present record, no question as to the defendant's maintenance of the nuisance. For a year and a day during which the defendant owned the premises the machine was there in plain sight, with no one using it or exercising control over it. As a matter of law the defendant must be held to have maintained it.

And, still further, we think there can be no substantial question but what defendant was negligent in permitting the nuisance, contrary to statute (not a mere ordinance), to remain in front of its premises for over a year.

There are, then, just two questions for the jury to pass upon: (1) Was the plaintiff free from contributory negligence, and (2) if so, what was her damage?

The judgment and order should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.