[No. 30410. Department Two. March 29, 1948.]

WILLIAM YOUNG et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

[1] Reported in 191 P. (2d) 273.

*Warner, Pierce & Peden,* for appellants.

*A. C. Van Soelen* and *Arthur Schramm,* for respondent.

BEALS, J.—Plaintiffs in this action, William and Gertrude Young, husband and wife, brought suit against the city of Seattle asking for the recovery of damages which they suffered as the result of a collision between plaintiffs' panel delivery truck, then driven by plaintiff Gertrude Young, and a passenger bus owned and operated by the defendant.

In their amended complaint, plaintiffs alleged that the collision, upon which the action was based, occurred in the city of Seattle, May 19, 1944, and that the defendant is a municipal corporation, organized pursuant to the laws of this state, situated in King county, Washington. The amended complaint described the accident and plaintiffs' damages suffered as a result thereof. Plaintiffs then alleged

that, June 16, 1944, they filed with the city council of the city of Seattle their claim against the city, on account of the damages they had suffered as the result of the collision between their panel delivery truck and the city bus, a copy of their claim being attached to the amended complaint and made a part thereof by reference. Plaintiffs alleged that more than sixty days had elapsed since the filing of the claim, and that the defendant had taken no action thereon by way of allowance or rejection.

Plaintiffs further alleged that the charter of defendant city, by Art. IV, § 29, thereof, provided that

" 'No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation.' "

Plaintiffs' amended complaint was filed in the office of the clerk of the superior court for King county, July 30, 1947.

The defendant demurred to plaintiffs' amended complaint upon the ground that the action had not been commenced within the time limited by law. After argument upon the demurrer, the court, by order dated August 7, 1947, sustained the defendant's demurrer, allowing plaintiffs an exception.

Plaintiffs having elected to stand upon their amended complaint, and having refused to plead further, the court, September 8, 1947, entered an order dismissing the action, with prejudice.

From these orders, plaintiffs appealed, assigning error upon the court's order sustaining defendant's demurrer.

From the above statement, it is apparent that appellants' amended complaint was filed in the office of the clerk of the court, July 30, 1947, three years and seventy-two days after the accident.

In their amended complaint, appellants pleaded only the portion of Art. IV, § 29, of the charter of the city of Seattle quoted above. The same section provides that

"All claims for damages against the city must be presented to the city council and filed with the clerk within

thirty days after the time when such claim for damages accrued . . . ."

As we take judicial notice of the charter, we shall consider the question here presented in the light of both portions of the section referred to above. *Shaw v. Yakima,* 183 Wash. 200, 48 P. (2d) 630.

Under the provisions of the city charter, it was necessary for appellants to first file a claim against the city within thirty days from the date of the accident, and then await the action of the city authorities thereon during a period of sixty days following the filing of the claim (unless the claim were sooner rejected), after the expiration of which period, if the city had taken no action upon the claim, appellants might institute suit against the city.

It is apparent that appellants' action is barred, and that the trial court properly sustained respondent's demurrer to appellants' amended complaint, unless the three-year period, within which the statute provides that the action must be commenced, was extended by the period between the date of the accident and the filing of appellants' claim with the city, plus the sixty-day period during which the city charter provides that no action may be instituted upon the claim, in the absence of rejection thereof by the city. If these two periods of time may be considered as extending the time within which appellants might institute their action, their amended complaint was filed and the action instituted within the period limited by law for the bringing of the suit.

Similar provisions contained in city charters have been held valid by this court. *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, 130 A. L. R. 134; *Forseth v. Tacoma,* 27 Wn. (2d) 284, 178 P. (2d) 357.

The following sections of the statute are pertinent to this inquiry:

"Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, . . . " Rem. Rev. Stat., § 155 [P.P.C. § 73-1].

"Within three years: . . . 2. An action for taking, detaining, or injuring personal property, including an action

for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated; . . . " Rem. Rev. Stat. (Sup.), § 159 [P.P.C. § 73-11].

"When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." Rem. Rev. Stat., § 172 [P.P.C. § 73-37].

The application of the foregoing sections of the statute, together with the section of the charter of the city of Seattle referred to above, to the situation here presented comprises the question at issue between appellants and respondent.

Two questions of law are posed on this appeal: First, when does a cause of action accrue, there being a condition precedent to the institution of an action, such as the provisions of the charter of the city of Seattle above referred to; second, if the cause of action accrued at the date of the accident, is the running of the general statute of limitations tolled during the period that an action against the city could not be instituted because of the prohibitions contained in the city charter?

■ In 1 Wood on Limitations (4th ed.) 684, § 122a, appears the following text:

"Statutes of limitation commence to run against a cause of action from the time it accrues, or from the time when the holder thereof has the right to apply to the court for relief, and to commence proceedings to enforce his rights. The time when a cause of action has accrued within the statutes of limitations means the time when plaintiff first became entitled to sue."

This court, in *Green v. Spokane County*, 55 Wash. 308, 104 Pac. 510, 25 L. R. A. (N.S.) 31, an action against the county to recover money collected by the county on a bail bond, the case in which the bail bond was forfeited having been reversed on appeal and the action dismissed, held that the statute of limitations did not commence to run as against the action to recover the money until the date of the reversal of the judgment by this court, as, prior to that time, the former judgment could effectively be pleaded in bar. In

the course of the opinion, written by Dunbar, J., the court said:

"Our statute provides that actions must be commenced within certain times specified from the time the cause of action arises, and it is earnestly urged by the respondent that the cause of action arose when the money was wrongfully taken or appropriated. In one sense this is true, but rules of law are not intended to work a deprivation of rights, and should not be so construed when it can be avoided; and while perhaps in one sense the cause of action might be said to have arisen when the money was appropriated by the county, in a larger and juster sense it did not arise until such time as a suit for recovery could be instituted and maintained. It is inconsistent to say that you have a cause of action without any right to bring it."

In the case of *Howard v. Equitable Life Assurance Society*, 197 Wash. 230, 85 P. (2d) 253, 119 A. L. R. 1302, this court, sitting *En Banc,* in an action to recover upon a policy of life insurance, in which the defendant interposed a plea of the statute of limitations, said:

"Under Rem. Rev. Stat., § 155 [P. C. § 8160], actions can only be commenced within the time prescribed by the statute of limitations after the cause of action has accrued. A cause of action accrues when it becomes a present enforceable demand, when the party owning it is entitled to begin and prosecute an action thereon. It accrues at the moment he has a legal right to maintain an action to enforce it, and the statute of limitations is then set in motion. [Citing cases.]"

In *Bale v. Floyd*, 199 Wash. 503, 91 P. (2d) 1025, we said:

"The courts are practically unanimous in holding that the statute of limitations does not begin to run against the holder of a municipal warrant until the cause of action accrues, and the cause of action does not accrue until the treasurer has given notice of his readiness to pay the warrants, or the holders had such notice as would enable them to present the warrants to the treasurer for payment, and there has been money in the fund with which to pay them. . . .

"The warrant holder is not under a duty to present the warrant for payment until funds are available for the payment of the warrant and he has knowledge of that fact. The statute of limitations does not begin to run until funds

are present to pay the warrants and the warrant holder knows of the same."

In the case of *Bellingham Securities Syndicate, Inc. v. Bellingham Coal Mines, Inc.*, 13 Wn. (2d) 370, 125 P. (2d) 668, we said:

"Respondent's argument that appellant's right to recover unpaid royalty is barred by the statute of limitations is met by the rule that the statute begins to run when the obligee has a legally enforcible right; that is, when all conditions precedent to a duty of immediate performance by the obligor have been satisfied."

██ The general rule stated in our decisions above referred to is subject to the qualification stated in 34 Am. Jur. 96, Limitation of Actions, § 116, as follows:

"When, however, a cause of action has accrued but the owner of the cause of action, in order to maintain suit upon it, is required to take some preliminary antecedent step, such as the service of notice upon the person against whom the cause of action exists, he is not permitted to suspend indefinitely the operation of the statute of limitations by a failure to act or by long and unnecessary delay in taking the antecedent step. The rule that the plaintiff's cause of action has not accrued so as to start the statute of limitations running unless all facts exist so that the plaintiff can allege a complete cause of action is subject to the exception that if the only act necessary to perfect the plaintiff's cause of action is one to be performed by the plaintiff, and he is under no restraint or disability in the performance of such act, he cannot indefinitely suspend the statute of limitations by delaying performance of that act."

The same rule is stated in 37 C. J. 960, Limitations of Actions, § 334, where is found the following text:

"Where a claim against a county or other municipal body must be presented for allowance before suit, it may be stated as a general, but not universal, proposition that the statute of limitations will not run against such claim until it is presented to and rejected by such body or the particular board to which it is necessary to present the claim, . . . However, a claimant cannot indefinitely extend the statutory limitation by failing to file his claim within a reasonable time, or within the time of the running of the statute,

thereby making it impossible for the municipality to reject a claim until long after the statute has run against it."

Our decisions recognizing this qualification were considered in the case of *Edison Oyster Co. v. Pioneer Oyster Co.*, 22 Wn. (2d) 616, 157 P. (2d) 302, in which several of our prior decisions are discussed.

The limitation on the general rule last referred to is not applicable here, as appellants promptly, and within the time limited by the city charter, presented their claim to respondent.

In the case of *White v. King County*, 103 Wash. 327, 174 Pac. 3, a claim was filed against the county for the recovery of consequential damages caused to plaintiff's lands by a change of grade of an established county road. A judgment in favor of the defendant was affirmed, upon the ground that the action had not been commenced within the time limited by law. It was held that the two-year statute of limitations applied, and that, although the plaintiff had filed with the county her claim for damages within the two-year period, the filing of the claim was

" . . . but a part of the procedure necessary to perfect the cause of action; not the act giving rise to the cause of action, from which alone the limitation of the statute must be measured."

The court expressed doubt as to whether, upon the facts of the case, presentation of any claim was necessary. The case was decided prior to the enactment of Rem. Rev. Stat., § 4077 [P.P.C. § 480-17], which provides that claims for damages against any county must be presented before the county commissioners and filed with the clerk within sixty days after the time when the claim for damages arose. This section of the statute also provides that

" . . . No action shall be maintained for any claim for damages until the same has been presented to the board of county commissioners and sixty days have elapsed after such presentation . . . " (with certain exceptions stated in the statute).

If, in the case last cited, presentation of a claim was a necessary basis for the maintenance of an action against the

county, the case clearly falls within the rule above stated to the effect that a claimant may not protract the time within which an action may be instituted by long delay in the presentation of his claim or the making of a demand.

Courts of the state of New York have several times considered questions analogous to that here presented. In that state, an action against the city of New York may not be instituted until a claim has been presented to the proper city authorities. After presentation of a claim, the city, as in the case at bar, has a definite period to consider the claim, and courts of appropriate jurisdiction have held that, while a claim is being considered by the city for the period mentioned, the general statute of limitations applicable to an action for damages is tolled. The courts held, however, that the cause of action accrued and the statute of limitations began to run from the date the damages were suffered. It does not appear that there was any limitation, other than that contained in the general statute of limitations, within which a claim might be presented against the city. The New York courts then followed the principle above stated, that a claimant could not indefinitely toll the statute of limitations by delaying the presentation of his claim. See *Dickinson v. Mayor*, 28 Hun 254, affirmed 92 N. Y. 584; *Brehm v. Mayor, Etc., of N. Y.*, 104 N. Y. 186, 10 N. E. 158; *McCarthy v. City of New York*, 84 Misc. 439, 146 N. Y. Supp. 281; *Woodcrest Const. Co. v. City of New York*, 185 Misc. 18, 57 N. Y. S. (2d) 498.

The New York courts, in their cases above cited, considered § 24 of the New York civil practice act, which is to the same effect as Rem. Rev. Stat., § 172, *supra*.

In the case of *Spencer v. City of Los Angeles*, 180 Cal. 103, 179 Pac. 163, the supreme court of California held that, when a city charter provides that claims must be presented to the city council, a cause of action based upon damages for which a claim must be filed, does not accrue until the claim has been presented, and that, if the time within which the claim must be presented is not definitely fixed, a reasonable time will be allowed for the filing of the claim before it would be

held that the statute of limitations would commence to operate.

The provisions of the charter of the city of Seattle, above referred to, prohibit the institution of an action, such as the case at bar, against the city for a period of time which becomes fixed when one having a claim against the city, such as appellants' claim, seasonably files his claim with the proper city authority.

In the case of *C. J. Kubach Co. v. McGuire*, 199 Cal. 215, 248 Pac. 676, the supreme court of California held that the charter of a city is not only the organic law of the city, but is also, within constitutional limitations, a law of the state.

In view of Art. XI, § 10, of the constitution of this state, providing for the incorporation of municipalities and the adoption of charters by such municipal corporations, the rule above referred to is applicable here.

By Rem. Rev. Stat., §§ 9478, 9479, and 9480 [P.P.C. §§ 368-1, -3, and 423-51], the legislature has recognized the provisions of the city charters providing for the filing of claims for damages sounding in tort against any city of the first class, and has, in some respects, limited the right of a city of the first class in connection with necessary elements to be contained in such a claim or the presentation thereof, and, in other respects, has added to the matters which a claimant must state in a claim filed.

Rem. Rev. Stat., § 9480, reads as follows:

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

The provisions of the charter of the city of Seattle cover both the filing of a claim for damages and the time within which the city may consider the claim before an action may be instituted. This court has held that the provision of the charter requiring that claims against the city be presented within thirty days after the happening of the event upon which the claim is founded, is a valid exercise of the powers of the city. It follows that the second provision of the charter providing that no action upon the claim

may be instituted until sixty days after the presentation of the claim, is also a valid exercise of the powers vested in such a municipal corporation as the city of Seattle.

Appellants, then, might present their claim at any time within thirty days after the happening of the collision upon which their claim was based. They presented their claim, June 16, 1944, twenty-eight days after the accident. The sixty days during which the city might investigate the claim and determine what action it would take constitute an additional sixty days, making, in all, eighty-eight days after the accident during which time appellants could not institute a suit against the city. The three years within which appellants' action could be brought, under the statute of limitations, expired May 19, 1947. We hold that this period was extended for eighty-eight days, during which time appellants were prohibited from bringing their suit by the provisions of the city charter referred to above, which would extend the time within which appellants could sue respondent to August 15, 1947.

Rem. Rev. Stat., § 172, *supra*, applies to such a situation as that here presented. Appellants filed their amended complaint July 30, 1947, well within the period during which they were entitled to institute their action.

In view of our holding herein, it is not necessary to discuss the question of when appellants' cause of action accrued, whether at the date of the collision or the date when appellants might institute their action.

The judgment appealed from is reversed, with instructions to overrule respondent's demurrer to appellants' amended complaint.

MALLERY, C. J., STEINERT, SIMPSON, and JEFFERS, JJ., concur.