542

[No. 36000.　Department Two.　August 24, 1961.]

HERRETT TRUCKING COMPANY, INC., et al., Respondents, v. WASHINGTON PUBLIC SERVICE COMMISSION, et al., Appellants.

THE STATE OF WASHINGTON, on the Relation of Cement Distributors, Incorporated et al., Respondents, v. WASHINGTON PUBLIC SERVICE COMMISSION et al., Appellants.*

The Attorney General and Duane S. Stookey, Assistant, for appellant Washington Public Service Commission.

B. E. Lutterman, Warren H. Ploeger, and Richard L. Gemson, for appellant Chicago, Milwaukee, St. Paul & Pacific Railroad Co.

*Reported in 364 P. (2d) 505.

*Don Cary Smith, Reaugh, Hart & Allison,* and *Reuben C. Youngquist* (*Norman Sutherland,* of counsel), for respondents.

MALLERY, J.—This is a motion to dismiss an appeal upon the ground that it was not timely taken.

On December 27, 1960, the superior court for Thurston county entered judgments remanding orders of the Washington Public Service Commission. On January 24, 1961, twenty-eight days after the entry of the judgments, the Washington Public Service Commission and the Chicago, Milwaukee, St. Paul and Pacific Railroad Company filed notices of appeal.

The sole question presented herein is whether the notices of appeal were timely.

RCW 81.04.190 requires that an appeal to the supreme court involving Public Service Commission proceedings shall be filed within twenty days after entry of the trial court's judgment. If this provision is still valid, the appeals were taken too late.

The appellants contend that RCW 34.04.140, of the Administrative Procedure Act, repealed RCW 81.04.190 by implication. If it does, then the appeals were timely because the Administrative Procedure Act provides for the taking of appeals in civil cases under Rule on Appeal 33, RCW Vol. 0. That rule allows thirty days after entry of judgment for the taking of an appeal.

The Administrative Procedure Act was enacted in 1959. It is a general statute applicable to all state agencies. It does not, however, specifically repeal RCW 81.04.190 by number. It uses a blanket phrase: "All acts or parts of acts which are inconsistent with the provisions of this chapter are hereby repealed, . . ." RCW 34.04.910.

■ A statute may be repealed by implication. *State v. Becker,* 39 Wn. (2d) 94, 234 P. (2d) 897. Ordinarily, a general statute does not repeal an earlier special statute by implication. *State ex rel. Sherman v. Benson,* 111 Wash. 124, 189 Pac. 1000. However, there is no rule which prohibits

the repeal by implication of a special statute by a general one. The question is always one of legislative intent. The earlier special statute must yield to the later general statute where there is a manifest legislative intent that the general statute shall have universal application. *State ex rel. Department of Public Service v. Northern Pac. R. Co.,* 200 Wash. 663, 94 P. (2d) 502; *State v. Becker, supra; Abel v. Diking & Drainage Imp. Dist. No. 4,* 19 Wn. (2d) 356, 142 P. (2d) 1017. The rule was well expressed in *Abel v. Diking & Drainage Imp. Dist. No. 4, supra,* in which we said:

"Repeals by implication are ordinarily not favored in law, and a later act will not operate to repeal an earlier act except in such instances where the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject, or unless the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect. . . ."

This court has already ruled, in *State ex rel. Department of Public Service v. Northern Pac. R. Co., supra,* that what is now RCW 81.04.190 is to be treated as a special statute even though it is part of a general statute, the Public Service Commission Act of 1911, now RCW 81. The Administrative Procedure Act, RCW 34, which includes the section in issue here, RCW 34.04.140, is a general statute. It applies with equal force to *all* state agencies with certain specified exceptions. One section, RCW 34.04.040, specifically excludes the Public Service Commission from the effect of that particular section. Another section, RCW 34.04.150, specifically excludes certain other agencies from the effect of the act as a whole or from certain parts of it. RCW 34.04.150 does not list the Public Service Commission as one of the excluded agencies.

Since the Public Service Commission was specifically named and excluded from the effect of one section of the act, RCW 34.04.040, and was not excluded from the effect of any other part of the act by RCW 34.04.150, the legislature must have intended that the rest of the act,

including RCW 34.04.140, apply to the Public Service Commission as well as to all other agencies not specifically excluded. RCW 34.04.140, of the Administrative Procedure Act, covers the entire subject matter of RCW 81.04.190. It is complete in itself, and it was evidently intended to supersede RCW 81.04.190.

RCW 81.04.190 establishes a twenty-day period for appeal, and RCW 34.04.140 establishes a thirty-day period for appeal. Either one period or the other must apply, they cannot both be given effect. They are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect. *Abel v. Diking & Drainage Imp. Dist. No. 4, supra.* For this reason, RCW 34.04.140, the later expression of the legislature's will, must prevail.

We hold that RCW 34.04.140 repealed RCW 81.04.190 by implication. The appellants had *thirty days* in which to file their notice of appeal. Since they filed within *twenty-eight days*, this court has jurisdiction.

The respondents' motion to dismiss is overruled.

FINLEY, C. J., HILL, DONWORTH, and OTT, JJ., concur.