[No. 37735. Department Two. July 1, 1965.]

THE STATE OF WASHINGTON, *on the Relation of Charles O. Carroll, Respondent, v.* FRANK J. BASTIAN *et al., Appellants.**

*Hullin, Ehrlichman, Carroll & Roberts,* for appellant Hanscom.

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for respondent.

HUNTER, J.—This is an appeal from a judgment in a quo warranto proceeding instituted in the name of the state

*Reported in 403 P.2d 896.

by the prosecuting attorney of King County, under authority of RCW 7.56, against the officials of the Town of East Redmond, a purported municipal corporation of the fourth class.

The information alleged that the town was illegally incorporated, and that the officials were acting unlawfully in the exercise of corporate powers and should be ousted from their offices.

The trial court found that the Town of East Redmond was illegally incorporated; that the incorporation was null and void; that the officials, therefore, held no offices in the Town of East Redmond, and entered judgment ousting them from their respective offices. This appeal followed.

No error is assigned to the trial court's findings of fact, which therefore become verities in this case. It is the legal conclusions of the trial court, from the court's findings, to which the assignments of error are taken.

The trial court concluded that though numerous irregularities occurred in the incorporation proceedings, the fatal errors were the violations of statutory requirements that: (1) a municipal corporation of the fourth class shall not constitute an area of more than one square mile (Laws of 1889-1890, ch. 7, § 15), and (2) a municipal corporation of the fourth class shall have a minimum population of 300 within the area incorporated (RCW 35.02.010). The unchallenged findings state:

13. After obtaining a corrected legal description from the King County Engineer to conform to the deletions, the Board ordered that an election be held "within the territory" proposed to be incorporated. *The said area was 4.5 square miles.*

14. The inhabitants of said 4.5 square miles numbered about four hundred. *No one square mile at any place had three hundred inhabitants.* (Italics ours.)

From the foregoing findings it is manifestly clear that the statutory requirements in effect at the time of the purported incorporation of the Town of East Redmond, and which must necessarily have been fulfilled to permit its valid incorporation, were not met.

The appellants argue, however, that the above defects were cured by a 1961 enactment of the legislature, Laws of 1961, Ex. Ses., ch. 16, § 1, which states:

> Any incorporation of a municipal corporation of the fourth class and any annexation of territory to a municipal corporation of the fourth class prior to the effective date of this act, which is *otherwise valid* except for compliance with the limitation to the area of one square mile as prescribed by section 15, page 141, Laws of 1889-90, is hereby validated and declared to be a valid incorporation or annexation in all respects. (Italics ours.)

We find this enactment insufficient to validate the defective proceedings. It relates only to the *area requirements* for incorporation of a fourth-class municipality, and expressly assumes that the incorporation proceedings were otherwise valid. The incorporation proceedings were otherwise invalid by reason of the deficiency in density requirements, *viz*, population of at least 300 persons per square mile.

The appellants contend that the state's action is barred by laches by reason of the 7½ year delay in the institution of this quo warranto proceeding. We disagree. RCW 7.56, *supra*, provides for the institution of a quo warranto proceeding by the state through the prosecuting attorney, either at the direction of the superior court or on the prosecuting attorney's own motion. The enactment contemplates a judgment invalidating an operating and functioning municipality and provides the procedure for the dissolution of such a corporation by the appointment of a receiver. Moreover, RCW 4.16.160 expressly provides:

> The limitations prescribed in this chapter shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: *Provided, That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state:* . . . . (Italics ours.)

The authorities appellants cite in support of their contention are from other jurisdictions and are not apposite in view of the statutes cited, *supra*, which are controlling.

 The appellants contend that a judgment dismissing a writ of prohibition brought by one Konstantine Dincov in 1956 against the King County Board of Commissioners in cause No. 497788 is res judicata as to the instant proceeding. We disagree. Even assuming that the other requisites for application of the doctrine were met, appellants have not established the concurrence of identity of persons and parties. *Symington v. Hudson*, 40 Wn.2d 331, 243 P.2d 484 (1952); *Burke Motor Co. v. Lillie*, 39 Wn.2d 918, 239 P.2d 854 (1952); 2 Orland, Wash. Prac. § 379, 387, 388 (2d ed. 1965).

Appellants also contend that cause No. 150237, instituted in 1958, is res judicata. We find the record insufficiently clear to sustain this contention.

The judgment of the trial court is affirmed.

ROSELLINI, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.