[No. 47359–5. En Banc. September 24, 1981.]

U. S. OIL & REFINING COMPANY, *Respondent,* v. THE DEPARTMENT OF ECOLOGY, *Petitioner.*

*Kenneth O. Eikenberry, Attorney General, Charles B. Roe, Jr., Senior Assistant,* and *Charles W. Lean, Assistant,* for petitioner.

*Murray, Scott, McGavick, Gagliardi & Graves,* by *Ray Graves,* for respondent.

UTTER, J.—Is the Washington State Department of Ecology (DOE) barred, because of the statute of limitation, from collecting penalties against U. S. Oil & Refining Company for illegally discharging pollutants? The trial court, reversed by the Court of Appeals, held DOE was not barred. We agree with the result of the trial court and reverse the Court of Appeals.

On May 19, 1978, DOE imposed a total of $90,000 in civil penalties against respondent U. S. Oil, pursuant to RCW 90.48.144. The basis for these penalties was that on 18 separate days U. S. oil had submitted inaccurate monitoring reports and exceeded its effluent limits. While both activities were in violation of its waste discharge permit, U. S. Oil contested the penalties regarding 6 days in 1975, on the ground that they were barred by the 2–year statute of limitation in RCW 4.16.100(2).

The penalties were affirmed upon successive appeals to DOE's assistant director, the Pollution Control Hearing Board, and the Superior Court for Pierce County. They all ruled, on the basis of RCW 4.16.160, that the 2–year statute of limitation did not apply. The Court of Appeals reversed, holding that the penalties were barred by the 2–year limitation of RCW 4.16.100(2).

RCW 4.16.100(2) provides that "[a]n action upon a statute for a forfeiture or penalty to the state" shall be com-

menced within 2 years. This statute was first enacted in 1854, amended in 1869, and incorporated into the Code of 1881 as section 29. No further amendments have been made. The 1881 Code also provided that statutes of limitation shall apply to the state in the same manner as to private parties. Code of 1881, § 35. In 1903, section 35, now codified as RCW 4.16.160, was amended to provide that

> [T]here shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: *And further provided,* That no previously existing statute of limitations shall be interposed as a defense to any action brought in the name or for the benefit of the state . . .

RCW 4.16.160. DOE maintains that this statute impliedly repealed RCW 4.16.100(2).

Implied repeals are disfavored. *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975). Ordinarily, a general statute does not repeal an earlier special statute by implication. *Herrett Trucking Co. v. State Pub. Serv. Comm'n,* 58 Wn.2d 542, 364 P.2d 505 (1961). However, an implied repeal will be found where:

> (1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.

*In re Chi–Dooh Li,* 79 Wn.2d 561, 563, 488 P.2d 259 (1971).

Focusing on the second exception, the Court of Appeals concluded that the statutes were reconcilable, and held that RCW 4.16.160 applies only to actions by the State to enforce remedial rights and not when it is seeking a penalty. The court reached this result by noting the long recognized distinction between remedial and penal actions. It also observed that what is now RCW 4.16.080(6), formerly section 28 of the Code of 1881, stated, prior to 1903 and after being amended in 1923 and again in 1937, that a 3–

year limitation applies to actions upon a statute for a penalty or forfeiture, where the action is given to both an aggrieved party and the State. This, reasoned the Court of Appeals, indicates that the legislature did not intend to impliedly repeal either section 28 of the Code of 1881 or the adjacent portion of the same code, section 29, now RCW 4.16.100(2).

DOE argues that the Court of Appeals ignored its paramount duty to give effect to legislative intent. DOE contends that if the legislature intended to exempt the statutes covering penalties due the State (RCW 4.16.080(6); RCW 4.16.100(2); RCW 4.16.115), it would have done so, rather than providing that "*no* previously existing statute of limitations shall be interposed as a defense . . ." (Italics ours.) RCW 4.16.160. Petitioner argues that RCW 4.16.160 is complete and covers the entire subject matter, and that the language clearly evidences an intent to supersede prior legislation.

The penal/remedial distinction, suggested by the Court of Appeals, has heretofore only been used in actions between private parties. *See, e.g., Noble v. Martin,* 191 Wash. 39, 70 P.2d 1064 (1937); *Heitfeld v. Benevolent & Protective Order of Keglers,* 36 Wn.2d 685, 220 P.2d 655, 18 A.L.R.2d 983 (1950). Where the State has been involved, this court has applied RCW 4.16.160 and allowed the actions without discussing RCW 4.16.100(2). *See, e.g., Herrmann v. Cissna,* 82 Wn.2d 1, 507 P.2d 144 (1973); *State ex rel. Carroll v. Bastian,* 66 Wn.2d 546, 403 P.2d 896 (1965); *State v. Vinther,* 176 Wash. 391, 29 P.2d 693 (1934). All the cases involving the State, however, were remedial in nature. Therefore, although the penal/remedial distinction was not discussed, it is consistent with those results.

DOE's argument primarily relies on the absolute language of RCW 4.16.160—that is, "no limitation to actions . . . shall ever be asserted against the state . . ." The absolute language of RCW 4.16.160, however, has never been literally followed. Many common law exceptions have been engrafted onto the statute. It has been held not to

apply when the State is acting in its proprietory rather than sovereign role, *Tacoma v. Hyster Co.,* 93 Wn.2d 815, 613 P.2d 784 (1980); *Gustaveson v. Dwyer,* 83 Wash. 303, 145 P. 458 (1915), or when the State is merely a formal party, not the real party in interest. *Pacific Northwest Bell Tel. Co. v. Department of Revenue,* 78 Wn.2d 961, 481 P.2d 556 (1971); *Vinther, supra.*

In one instance, we have even ruled that a previously existing special statute was not impliedly repealed by RCW 4.16.160. *Mathews v. Wagner,* 49 Wash. 54, 94 P. 759 (1908). There, we permitted a 10–year limitation on actions to collect special assessments for local improvements, reasoning that RCW 4.16.160 evidences no legislative intent to repeal existing special laws.

Since we have a duty to interpret statutes so as to give them effect, and because implied repeals are disfavored, we uphold the validity of both RCW 4.16.100(2) and 4.16.160 on the basis of the penal/remedial distinction. Unlike penal actions, remedial lawsuits involve compensating the public for a tangible loss it has suffered. The public has a stronger interest in recovering its losses than in punishing the perpetrator, and thus there is some basis for the disparate limitation periods. *See Guaranty Trust Co. v. United States,* 304 U.S. 126, 82 L. Ed. 1224, 58 S. Ct. 785 (1938); *County of St. Charles v. Powell,* 22 Mo. 525 (1856). Moreover, the penal/remedial distinction has a long judicial history for private litigants, and there is no apparent reason not to employ it when the State is a party. Like the Court of Appeals, we believe that had the legislature intended to repeal RCW 4.16.100(2), it would have done so in 1923 or 1937 when it amended RCW 4.16.080(6). The Court of Appeals therefore correctly applied RCW 4.16.100(2).

DOE further argues that if RCW 4.16.100(2) applies, the limitation period begins to run only after it has commenced an action in superior court. It relies on the statutory distinction between the agency's right to impose a penalty and its right to commence an action in superior court to collect that penalty. RCW 90.48.144(3) provides that any penalty

imposed becomes "due and payable thirty days after receipt of a notice imposing the same . . .", but if an appeal is filed DOE cannot commence an action to collect the penalty until all administrative and judicial avenues have been exhausted by the penalized party.

Rejecting that analysis, the Court of Appeals concluded that the limitation period began on the dates of the violations and was tolled when DOE served U. S. Oil with notice of the imposition of the penalties. Because that period exceeded 2 years, it held the penalties were barred.

 The limitation period commences when a cause of action accrues and tolls when a complaint is filed or a summons is served. RCW 4.16.010 and 4.16.170. A cause of action accrues when the party has a "right to apply to a court for relief." *Lybecker v. United Pac. Ins. Co.,* 67 Wn.2d 11, 15, 406 P.2d 945 (1965). *Accord, Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975). But, laws preventing immediate resort to superior court do not necessarily delay the accrual of the cause of action. *See, e.g., Young v. Seattle,* 30 Wn.2d 357, 191 P.2d 273, 3 A.L.R.2d 704 (1948); *Edison Oyster Co. v. Pioneer Oyster Co.,* 22 Wn.2d 616, 157 P.2d 302 (1945); *Douglas County v. Grant County,* 98 Wash. 355, 167 P. 928 (1917); *Spokane County v. Prescott,* 19 Wash. 418, 53 P. 661 (1898). In most of those cases, there were laws requiring that all claims against a government entity be first presented to it before any action could be instituted in superior court. Notwithstanding that, we concluded that the cause of action accrued when the harm was suffered. We characterized those laws as affecting the procedure to be followed in pursuing one's remedy and not as creating the cause of action. Without such a rule, we reasoned, the plaintiff would be able to "suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act . . ." *Edison,* at 626. According to those results and rationale, the cause of action accrued in the present case when U. S. Oil violated the terms of its discharge permit.

Furthermore, the action was commenced, for tolling pur-

poses, with the notice of the penalties. Although the notice is not technically a complaint or a summons, it does as a practical matter commence the action and apprise the penalized party of it. Once the notice is served, the penalized party can either pay the penalty or have the claim fully adjudicated by the otherwise available administrative and judicial forums, with no liability actually arising until completion of all available judicial review. The notice has much the same effect as a complaint or summons, and hence the action should toll when the notice is served.

Finally, DOE urges that a "discovery rule" be applied to determine when the action accrued. The discovery rule states that a statute of limitation does not begin to run until the plaintiff, using reasonable diligence, would have discovered the cause of action. *Peters v. Simmons,* 87 Wn.2d 400, 404, 552 P.2d 1053 (1976); *Ruth v. Dight,* 75 Wn.2d 660, 453 P.2d 631 (1969). The Court of Appeals noted that the legislature specifically enacted a discovery rule in RCW 4.16.080(6). Thus, the court reasoned that had the legislature desired such a rule for the governing statute in this case, it would have enacted one.

 The waste regulatory scheme, however, mandates the application of a discovery rule. *See* RCW 90.48. DOE must rely on industry reporting to discover violations. Since U. S. Oil did not properly report its discharges, discovery of the violations was delayed until DOE suspected that monitoring reports were inaccurate and investigated. Without a discovery rule, industries can discharge pollutants, and by failing to report the violation, can escape penalties.

That the legislature has not acted is not determinative. Since there were no self–reporting laws at the time these limitation statutes were promulgated, the actions of the legislature have little significance for this case. The problem it presents was not envisioned when the legislature considered these statutes. Moreover, we have adopted the discovery rule as a matter of judicial policy in several cases. *See, e.g., Ruth, supra; Gazija, supra; Peters, supra; Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 598 P.2d 1358 (1979).

In *Gazija,* we recognized the difficulty of inferring legislative intent from inaction and suggested that the legislature may have decided to defer to the court's judgment, in most cases, as to when to apply the rule. We have a duty to construe and apply limitation statutes in a manner that furthers justice. *Ruth,* at 665; *Gazija, supra.*

In determining whether to apply the discovery rule, the possibility of stale claims must be balanced against the unfairness of precluding justified causes of action. *Gazija, supra; Ruth, supra; Peters, supra.* That balancing test has dictated the application of the rule where the plaintiff lacks the means or ability to ascertain that a wrong has been committed. *Ruth,* at 667; *Peters,* at 405; *Kittinger v. Boeing Co.,* 21 Wn. App. 484, 585 P.2d 812 (1978). Thus, the rule has been applied, for example, to cases involving professional services and products liability. *Ruth, supra; Peters, supra; Ohler, supra.* Likewise, courts have held that a defendant's unlawful failure to report an automobile accident will suspend a statute of limitation while, as a result of such failure, there is inability to prosecute the cause of action. *See St. Clair v. Bardstown Transfer Line, Inc.,* 310 Ky. 776, 221 S.W.2d 679 (1949); Annot., 10 A.L.R.2d 564 (1950).

In each of these instances, had the discovery rule not been applied, the plaintiff would have been denied a meaningful opportunity to bring a warranted cause of action. In each, the premise underlying all limitation statutes was not applicable. Statutes of limitation operate upon the premise that "when an adult person has a justiciable grievance, he usually knows it and the law affords him ample opportunity to assert it in the courts." *Ruth,* at 665.

That premise is also inapplicable where the plaintiff must rely on the defendant's self–reporting. Where self–reporting is involved, the probability increases that the plaintiff will be unaware of any cause of action, for the defendant has an incentive not to report it. Like the other cases which have employed the rule, this is a case where if the rule were not applied the plaintiff would be denied a

meaningful opportunity to bring a suit. Like those plaintiffs, this plaintiff lacks the means and resources to detect wrongs within the applicable limitation period. Not applying the rule in this case would penalize the plaintiff and reward the clever defendant. Neither the purpose for statutes of limitation nor justice is served when the statute runs while the information concerning the injury is in the defendant's hands.

We therefore adopt the discovery rule for actions brought by DOE to collect penalties for unlawful waste discharges, and accordingly remand this case to Superior Court to determine when DOE, using reasonable diligence, should have discovered the violations.

ROSELLINI, STAFFORD, WILLIAMS, DORE, and DIMMICK, JJ., concur.

DOLLIVER, J. (dissenting)—I concur with the result of the majority except for the imposition of the discovery rule. It may well be that in instances involving the claims of private parties, legislative inaction can be inferred to suggest a deference to judicial action. At least this is a useful fiction developed by the courts. While, as in the cases cited by the majority, it may be appropriate judicially to enact a discovery rule to protect a private litigant, I see no reason for such a rule from this court to protect the State.

As the majority points out, RCW 4.16.080 in some circumstances provides for a discovery rule but not in the situation before us. The fact that the legislature failed to include a discovery rule in RCW 90.48, a comprehensive statute dealing with water pollution, may be unfortunate but it is hardly a matter for the court to correct. It may have been oversight; it may have been deliberate. Whatever it was, the legislature has had at least since 1945 to make a change. It has not done so.

It is one thing to apply a common law discovery rule to prevent justified causes of action by private parties from being unfavorably precluded. It is quite another matter for

this court to fill in a legislative hiatus so as to enable the State to impose a penalty against a private party. This, to me, is not a "balancing test" which is properly to be performed by the court. It is legislation which should be done by the state legislature.

BRACHTENBACH, C.J., and JOHNSON, J. Pro Tem., concur with DOLLIVER, J.

Reconsideration denied December 8, 1981.