[No. 18139–4–I.   Division One.   January 6, 1988.]

WENDY RUBICAM KAISER, *Appellant,* v. BRYANT MILLIMAN, *Respondent.*

*David J. Balint* and *DeFunis & Balint,* for appellant.

*Sylvia Luppert* and *Carney, Stephenson, Badley, Smith, Mueller & Spellman,* for respondent.

WILLIAMS, J.—The purpose of this action by Wendy Rubicam Kaiser against her father, Bryant Milliman, was to recover damages for injury caused by sexual abuse suffered when she was a young child. On Milliman's summary judgment motion, the complaint was dismissed for failure to commence the action within the statute of limitations. Kaiser appeals.

Kaiser was born on August 23, 1960, and the wrongful acts she alleged occurred sometime between spring 1962 and fall 1966. When she attained the age of majority on August 23, 1978, Kaiser remembered at least one incident of abuse and knew she had ongoing emotional problems, but she states she did not know there was a causal connection between the two until told by her therapist in March 1985. This action was commenced the following month.

The statute of limitations begins to run on a cause of action which accrues while the person entitled to bring suit is a minor when that person reaches the age of 18. RCW 4.16.190. As this action was filed more than 6½ years after Kaiser turned 18, the 2–year statute applicable to assault, RCW 4.16.100, and the 3–year statute applicable to other personal injuries, RCW 4.16.080(2), had both expired.

Kaiser argues that the "discovery rule" applies, *i.e.,* that the running of the statute of limitations was stayed until she discovered or, in the exercise of reasonable diligence, should have discovered all the essential elements of her cause of action. *Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 511, 598 P.2d 1358 (1979); *Ruth v. Dight,* 75 Wn.2d 660, 667–68, 453 P.2d 631 (1969). That would have been in March 1985, when Kaiser discovered the causation element of her action during treatment for her psychiatric disorders.

In *Tyson v. Tyson,* 107 Wn.2d 72, 727 P.2d 226 (1986), the Supreme Court said:

The discovery rule should be adopted only when the risk of stale claims is outweighed by the unfairness of precluding justified causes of action. *U.S. Oil [& Ref. Co. v. Department of Ecology*, 96 Wn.2d 85, 633 P.2d 1329 (1981)], at 93. In prior cases where we have applied the discovery rule, there was objective, verifiable evidence of the original wrongful act and the resulting physical injury.

*Tyson*, at 76. The court then referred to three cases: *Ruth v. Dight, supra,* in which a sponge was discovered 22 years after surgery ("empirical evidence of the occurrence of the alleged act"), *Ohler v. Tacoma Gen. Hosp., supra,* in which a premature infant was injured by excessive oxygen in an incubator ("blindness was an objective manifestation of the resulting injury") and *Sahlie v. Johns–Manville Sales Corp.,* 99 Wn.2d 550, 663 P.2d 473 (1983), in which asbestosis was diagnosed after 40 years of exposure ("[t]he source of plaintiff's injury, continuous exposure to asbestos products, and the resulting harm, asbestosis, were objectively verifiable"). *Tyson*, at 76–77.

In the *Tyson* case, the plaintiff, who filed her complaint when she was 26 years old, said she was the victim of sexual abuse between the ages of 3 and 11 years. She asked for application of the discovery rule, contending that the alleged abuse had caused her such emotional trauma that her memory of the events was suppressed until therapy triggered her knowledge of the abuse and her recognition that the abuse caused emotional problems she was experiencing as an adult. The court observed:

in the present case, no empirical, verifiable evidence exists of the occurrences and resulting harm which plaintiff alleges. Her claim rests on a subjective assertion that wrongful acts occurred and that injuries resulted. There is no objective manifestation of these allegations. Rather, they are based on plaintiff's alleged recollection of a memory long buried in the unconscious which she asserts was triggered by psychological therapy.

It is suggested that the subjectivity of plaintiff's claim can be eliminated at trial through the testimony of witnesses such as family, friends, schoolteachers and treating psychologists. However, none of this testimony would provide objective evidence that the alleged acts occurred. *Tyson,* at 77–78.

Other than Kaiser's remembrance, the only evidence that the alleged acts occurred is a statement by Milliman that Kaiser may have been in the room on some of the occasions when there was sexual communication between him and her two older stepsisters. Neither supplies the required objective, verifiable evidence.

Affirmed.

COLEMAN, J., and COLE, J. Pro Tem., concur.