# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RICHARD AZPITARTE,<br><br>   Appellant,<br><br>   v.<br><br>GAYLE SAUVE and JANE DOE SAUVE,<br>and the marital community composed<br>thereof; BURIEN COLLISION CENTER,<br>INC.; WILLIAM WESTOVER and JANE<br>DOE WESTOVER, and the marital<br>community composed thereof; MUSCLE<br>CARS NORTHWEST, INC.; CHARLES<br>LILLARD and JANE DOE LILLARD, and<br>the marital community composed thereof;<br>and JONG DOE and JANE DOE #1-10,<br><br>   Defendants,<br><br>DANIEL SPINO and JANE DOE SPINO,<br>and the marital community composed<br>thereof,<br><br>   Respondents. | No. 70751-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br><br><br><br><br><br><br><br><br><br>FILED: June 15, 2015 |

APPELWICK, J. — Azpitarte appeals the trial court's order granting summary judgment of his claims against Spino. Azpitarte argues that the trial court erred in finding that his claims were barred by the applicable statute of limitations, because the discovery rule should apply in this case. The discovery rule requires a plaintiff to use due diligence in discovering the basis for the cause of action. Because Azpitarte failed to exercise due diligence, he is not entitled to benefit from the discovery rule. We affirm.

## FACTS

Richard Azpitarte seeks the recovery of a vehicle that he alleges was fraudulently transferred to Daniel Spino by Gayle Sauve and/or Burien Collision Center, Inc. The

vehicle was one of several of Azpitarte's that were seized by King County and then transferred to third party purchasers. Azpitarte v. Sauve, noted at 172 Wn. App. 1050, 2013 WL 223042, at *1. The underlying proceedings for how these vehicles were impounded and subsequently sold are set out in previously issued opinions addressing the same nucleus of facts.[1]

On December 10, 2010, Azpitarte filed an action for conversion and replevin against Sauve, his marital community, and his business, Burien Collision Center. Id. Azpitarte alleged that Sauve illegally obtained possession of Azpitarte's 1970 Chevrolet Chevelle Super Sport from a tow yard. Id. Azpitarte filed his suit more than three years after Sauve obtained possession of the car—i.e., after the statute of limitations had expired.[2] Id. at *2. But, Azpitarte argued he was entitled to application of the discovery rule to toll the statute of limitations, because Sauve fraudulently concealed the fact that he had obtained the car from Cedar Rapids Towing in the fall of 2004. Id. In other words, Azpitarte claimed that Sauve's fraud prevented him from discovering the factual basis of his allegations until 2007. Id. The trial court rejected Azpitarte's equitable tolling argument and ultimately dismissed the suit on summary judgment for untimeliness. Id. at *2-3. Affirming the trial court's decision, the Court of Appeals found that Azpitarte failed

---

[1] In 2005, Azpitarte first pursued litigation against King County for claims related to the initial seizure, arising from zoning code violations. See King County v. Azpitarte, noted at 130 Wn. App. 1047, 2005 WL 3462784; King County v. Azpitarte, noted at 136 Wn. App. 1021, 2006 WL 372405; Order Granting Motion to Dismiss, Azpitarte v. King County, No. C07-1998-JCC , 2009 WL 564732 (W.D. Wash. Mar. 3, 2009); King County v. Azpitarte, noted at 172 Wn. App. 1047, 2013 WL 222534. In 2010, Azpitarte commenced litigation against Sauve and several other defendants. See Azpitarte, 2013 WL 223042, at *1.

[2] It is undisputed that Sauve registered the '70 Chevelle Super Sport in his name with the Department of Licensing in August 2005 and that Azpitarte did not file suit until December 2010. Azpitarte, 2009 WL 223042, at *2.

to identify any genuine issue of fact as to application of the discovery rule to extend the statute of limitations. Id. at *3.

The litigation here is nearly identical to the litigation Azpitarte brought in the above case, except that the instant case involves a different car—a 1969 Chevrolet Chevelle— and another buyer—Spino. On February 24, 2005, Spino purchased the '69 Chevelle, and on March 14, 2005, he registered the car in his name with the Department of Licensing (DOL). On March 26, 2012, Azpitarte sued Spino for conversion, fraud, and replevin. In August, he amended his complaint to add a civil conspiracy claim. He alleged that Spino did not obtain the '69 Chevelle through "legitimate" means—i.e., at a legal auction. He also claimed that, on March 14, 2005, Spino and Sauve used a forged abandoned vehicle report (AVR) to fraudulently obtain title for Spino.

Just as he did in his previous suit against Sauve, Azpitarte argued that the discovery rule extended the statute of limitations. Specifically, he stated that, due to Sauve's and Spino's misrepresentations, he did not discover the grounds for his fraud and conspiracy claims on the '69 Chevelle until March 27, 2009. The trial court dismissed the case on summary judgment, because it found no genuine issue of material fact that Azpitarte failed to file his complaint before the limitations period had run. The court also awarded Spino attorney fees for responding to a frivolous lawsuit.

Azpitarte appeals. He challenges the dismissal of his case as well as the award of attorney fees.

## DISCUSSION

Azpitarte argues that the trial court erred in dismissing his claims on summary judgment. He asserts that the discovery rule saves his causes of action from being barred

3

by the applicable statute of limitations. In addition, he challenges the trial court's award of fees to Spino below.

This court reviews a trial court's summary judgment order de novo. Allen v. State, 118 Wn.2d 753, 757, 826 P.2d 200 (1992). A motion for summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

I. Statute of Limitations on Property-Based Claims

For conversion, replevin, fraud, and civil conspiracy actions, the statute of limitations is three years. RCW 4.16.080(2) (for "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof"); RCW 4.16.080(4) (fraud). The parties do not dispute that Azpitarte filed his suit about seven years after Spino obtained possession of the car, well beyond the applicable statute of limitations. Rather, they dispute whether the discovery rule should apply, and if so, when Azpitarte discovered the basis for his causes of action.

Generally, a cause of action accrues, and the applicable statute of limitations begins to run, when a party has a right to apply to a court for relief. U.S. Oil & Ref. Co. v. Dep't of Ecology, 96 Wn.2d 85, 91, 633 P.2d 1329 (1981). The discovery rule operates to toll the date of accrual until the plaintiff knows or, through the exercise of due diligence, should have known all the facts necessary to establish a legal claim. Crisman v. Crisman, 85 Wn. App. 15, 20, 931 P.2d 163 (1997). As a threshold matter, the discovery rule requires a plaintiff to use due diligence in discovering the basis for the cause of action. Clare v. Saberhagen Holdings, Inc., 129 Wn. App. 599, 604, 123 P.3d 465 (2005). Due diligence, with respect to the discovery rule, is a question of fact unless reasonable minds

4

could reach but one conclusion. See Allen, 118 Wn.2d at 760. The plaintiff bears the burden of proving that the necessary facts could not be discovered in time. G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc., 70 Wn. App. 360, 367, 853 P.2d 484 (1993).

Here, Azpitarte asserts that "the grounds for fraud and conspiracy on the ['69 Chevelle] were not known until after March 27, 2009." Only on that date, Azpitarte claims, did he

> learn[ ] for the first time, that [Spino] had acquired the car using an AVR that had been generated as a result of a car auction. It was not until a short time later that Azpitarte learned that in fact, the AVR had been altered and that the real purchase of the car was made by Burien Collision.

However, Azpitarte's claim as to the application of the discovery rule fails for several reasons.

First, Azpitarte fails to identify any evidence to demonstrate that he could not have, through the exercise of due diligence, discovered the factual basis for his property-based claims within three years of the date on which Spino registered the '69 Chevelle in his name with the DOL in 2005.[3] This is fatal to his argument.

Second, Azpitarte cites no facts from the record to support the bald assertion that Spino participated in any fraud or forgery. Azpitarte claims that "Spino had to be involved" with the fraud that prevented him from discovering the factual basis of his allegations until March 27, 2009. Specifically, Azpitarte alleges that Spino, in league with Sauve—and,

---

[3] In his opening brief, Azpitarte submits only a summary argument that, because "[t]his could be a [sic] costly and prohibitively expensive for someone in Azpitarte's position," "reasonable minds could have concluded that a diligent search would not include hiring an attorney to continually keep looking for 120 vehicles."

likely, an unnamed DOL insider[4]—acquired the vehicle using a forged AVR. Azpitarte asserts that this forgery prevented him from learning of the alleged fraud until March 27, 2009, when he received a written report from a police investigation[5] into Cedar Rapids Towing, the company that had towed Azpitarte's cars. From this, Azpitarte claims that he "produced direct uncontroverted evidence to this court that the defendants used forged and fraudulently produced documents to first hide, and then convert stolen vehicles." He is mistaken.

Azpitarte has not provided any facts to establish the existence of fraud, much less Spino's involvement in said fraud. Citing to his own pleadings and declarations, he offers nothing more than speculation and suspicion to bolster his unsupported legal conclusions.[6] Such conclusory statements are insufficient to raise a genuine issue of material fact, and the statute of limitations has clearly expired. Overton v. Consol. Ins. Co., 145 Wn.2d 417, 430-31, 38 P.3d 322 (2002).

Azpitarte has not met his burden to show he acted with due diligence in discovering the basis for his causes of action. The trial court did not abuse its discretion in declining to apply the discovery rule to Azpitarte's claims of conversion, fraud, civil conspiracy, and replevin. Consequently, these claims are time-barred.

---

[4] In his opening brief, Azpitarte alleges, "Since the titling involved the use of obviously forged documents, there was a strong possibility that the defendants had help from someone inside DOL where it would be as [sic] simple matter to predate the application."

[5] Although Azpitarte claims he did not obtain documentary proof of his claims until March 27, 2009, the record reflects that the initial investigation of Cedar Rapids Towing took place in May 2005. Azpitarte supplies no justification for this four-year delay.

[6] For example, Azpitarte points to "[Clerk's Papers] 205-208" for his allegation of forgery based on "suspicious" handwriting discrepancies on the AVR. However, that citation merely refers back to unsubstantiated statements from his own briefing below.

## II.  Civil RICO Claims

In addition to his property-based claims, Azpitarte alleges that Spino committed a violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § §1961-1968.[7]  His civil RICO claims rely on the same alleged fraudulent actions as his property-based claims discussed above.  On appeal, he asserts that the discovery rule also applied to his civil RICO claims.

Civil RICO claims are subject to a four year statute of limitations.  Agency Holding Corp. v. Malley-Duff & Assoc, Inc., 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987).  Under the "injury discovery" rule, the civil RICO limitations period begins to run when a plaintiff knows or should have known of the injury that underlies his action.  Pincay v. Andrews, 238 F.3d 1106, 1109 (9th Cir. 2001).  The statute of limitations begins to run as soon as the plaintiff has either actual or constructive notice of his injuries.  Id. at 1109. Equitable tolling "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."  Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).

Here, Azpitarte fails to show that either of these situations applies to trigger equitable tolling.  First, he has not provided any facts to support his bare assertions of wrongful conduct on Spino's part.  As discussed previously, Azpitarte relies on only conjecture for his baseless claims and, in doing so, he improperly resurrects issues

---

[7] Azpitarte assigns error to the trial court's denial of his motion to amend his complaint to add civil RICO allegations.  It is unclear from the record that the trial court did in fact deny Azpitarte's motion, and Azpitarte fails to cite any specific order denying the motion.  However, because we conclude that his claims would have been properly dismissed, we do not further address this assignment of error.

previously resolved by other courts. Order of Dismissal, <u>Azpitarte v. Spino</u>, No. C13-1413-RSM (W.D. Wash. Nov. 14, 2014) (W.D. Wash. Dismissal) (dismissing Azpitarte's RICO claims as insufficiently pleaded and untimely).

Second, he fails to demonstrate that extraordinary circumstances beyond his control made it impossible for him to file a timely claim—i.e., within four years of the date on which Spino registered the '69 Chevelle in his name with the DOL in 2005.[8]

The trial court did not abuse its discretion in declining to apply the discovery rule, and Azpitarte's civil RICO claims are similarly time-barred.[9]

## III. Attorney Fees and Sanctions

Azpitarte challenges the attorney fees awarded below. RCW 4.84.185 authorizes the trial court to award the prevailing party reasonable expenses, including attorney fees, incurred in opposing a frivolous action. <u>Koch v. Mut. of Enumclaw Ins. Co.</u>, 108 Wn. App. 500, 510, 31 P.3d 698 (2001). A lawsuit is "frivolous" when it cannot be supported by any rational argument on the law or facts. <u>Tiger Oil Corp. v. Dep't of Licensing</u>, 88 Wn. App. 925, 938, 946 P.2d 1235 (1997). We review a trial court's award under RCW 4.48.185 for an abuse of discretion. <u>Koch</u>, 108 Wn. App. at 510.

Here, the trial court awarded fees to Spino in the amount of $5,000 pursuant to RCW 4.48.185. The court found Azpitarte's suit to be frivolous and continued in bad faith

---

[8] Azpitarte's near constant litigation of the same underlying events since they transpired belies any claim that circumstances beyond his control have disrupted his ability to file this action.

[9] We need not address Azpitarte's remaining meritless arguments: his contention that his claims are not barred by res judicata or collateral estoppel, his allegations that none of the defendants were bona fide purchasers, his request for recovery of the vehicles or damages, and his motion for a continuance pursuant to CR 56(f).

on the basis that Azpitarte had brought the action well beyond the statute of limitations, despite knowledge of that fact from a prior lawsuit involving the same issues and the same parties—less Spino. Considering the lack of merit to Azpitarte's repeatedly litigated claims,[10] we find that the trial court did not abuse its discretion in finding that Azpitarte advanced this frivolous suit without reasonable cause.

Next, Spino requests fees, pursuant to RAP 18.9(a), for defending a frivolous appeal. Azpitarte's appeal is frivolous. Spino is entitled to costs and reasonable attorney fees incurred on appeal.

We affirm.

_Appelwick, J._

WE CONCUR:

_Spearman, C.J._          _Dwyer, J._

---

[10] In addition to the previously discussed lawsuit filed against Sauve in King County, Azpitarte also filed suit in the United States District Court for the Western District of Washington, alleging the same civil RICO allegations against the same defendants about the same vehicles at issue here. W.D. Wash. Dismissal. In other words, Azpitarte's suit here is nearly identical not only to the King County lawsuit against Sauve, but also to litigation he filed at the district court. The district court dismissed Azpitarte's complaint as untimely and insufficiently pleaded. Id. In its order dismissing the case, the court noted that it "[did] not look fondly on [Azpitarte's] continuing and ever more futile efforts to relitigate a series of events that multiple courts have decided do not amount to any actionable offense. The precious time and resources of the court house must be reserved for claimants with viable grievances and guarded against depletion by individuals who already know their efforts to be in vain."